United States District Court

For the Northern District of California

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    MIGUEL GONZALEZ,                                No. C-13-0964 EMC (pr)

9              Petitioner,

10        v.                                    **ORDER ON INITIAL REVIEW**

11   CONNIE GIPSON, Warden,

12             Respondent.

13   _____/

14

15                          **I.    INTRODUCTION**

16        Miguel Gonzalez, an inmate at the California State Prison in Corcoran, filed this *pro se*

17   action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the

18   Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254

19   Cases.

20                          **II.   BACKGROUND**

21        The petition and attachments disclose the following:  Petitioner was convicted upon a no-

22   contest plea in the Santa Cruz County Superior Court of assault committed while released on his

23   own recognizance.  *See* Docket # 1, p. 2. On July 15, 2008, he was sentenced to a term of 12 years

24   in prison.  *See id.* at 2 and Docket # 2, p. 35.  His petition indicates that he did not appeal his

25   conviction.  He did, however, file several unsuccessful petitions for writ of habeas corpus in the state

26   courts.

27   ///

28   ///

United States District Court
For the Northern District of California

1   Petitioner then filed this action, seeking a writ of habeas corpus.  The petition has a proof of

2   service stating that it was mailed to the Court on February 20, 2013.  The petition came to the Court

3   in an envelope postmarked February 21, 2013, and was stamped "filed" on March 4, 2013.

### III.   DISCUSSION

5   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

6   custody pursuant to the judgment of a State court only on the ground that he is in custody in

7   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v.*

8   *Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the

9   respondent to show cause why the writ should not be granted, unless it appears from the application

10  that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Under Rule 4 of the

11  Rules Governing Section 2254 Cases In The United States District Courts, a district court may also

12  order the respondent to file another pleading where neither summary dismissal nor service is

13  appropriate.

14  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law

15  on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas

16  corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions

17  or sentences must be filed within one year of the latest of the date on which:  (1) the judgment

18  became final after the conclusion of direct review or the time passed for seeking direct review; (2)

19  an impediment to filing an application created by unconstitutional state action was removed, if such

20  action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the

21  Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to

22  cases on collateral review; or (4) the factual predicate of the claim could have been discovered

23  through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).  Time during which a properly

24  filed application for state post-conviction or other collateral review is pending is excluded from the

25  one-year time limit.  *See id.* § 2244(d)(2).

26  The petition in this action was filed more than a year after Petitioner's conviction became

27  final, and may be untimely under the AEDPA's one-year limitation period.  This apparent

28  procedural problem should be addressed before the Court reaches the merits of the claims raised in

the petition.  If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## IV.   CONCLUSION

Good cause appearing therefor,

1.       The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.       Respondent must file with the Court and serve upon Petitioner, on or before **June 28, 2013**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3.       If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **July 26, 2013**.

4.       Respondent may file and serve a reply on or before **August 9, 2013**.

5.       The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

6.       Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 3.)


IT IS SO ORDERED.


Dated:  April 23, 2013

_____
EDWARD M. CHEN
United States District Judge