UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL A. GONZALEZ (CDCR # G-29258),

    Petitioner,

v.

CONNIE GIPSON, Warden,

    Respondent.

_____/

No. C-13-0964 EMC (pr)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

## I. INTRODUCTION

Miguel A. Gonzalez filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Mr. Gonzalez has filed an opposition to the motion. For the reasons discussed below, the Court denies the motion to dismiss.

## II. BACKGROUND

On April 15, 2008, Mr. Gonzales pled guilty in Santa Cruz County Superior Court to assault with a deadly weapon. He was sentenced on July 15, 2008 to 12 years in state prison. No appeal was taken.

Although Gonzalez had pled guilty, several co-defendants opted to go to trial. During a hearing on motions in limine on August 5, 2008, it was disclosed that the prosecution had failed to disclose a prosecutor's interview of a key witness, Ashley Crow. *See* Docket # 2 at 84. The court stated that the non-disclosure of "this major interview of the most important witness in the case" was "a discovery violation," and vacated the trial because the problem could not be resolved before the

jury's expected arrival later that day. *Id.* at 84-86. Neither Mr. Gonzalez nor his attorney, John Thornton, was present at this hearing.

On October 23, 2008, another hearing in the co-defendants' case was held before another judge. *See* Docket # 2 at 22-33. The court found prosecutorial misconduct and a *Brady* violation with regard to the interview of that key witness, Ashley Crow.[1] The court "considered dismissing all of the charges against all defendants" as well as other lesser remedies. *Id.* at 28. The court ultimately determined to "set aside the holding order in this case and reopen the preliminary hearing" so that the witness' testimony could be presented. *Id.* at 31-32. The court further stated that "[t]he pleas of Nathanael Avila and Miguel Gonzalez may be set aside at this time if they choose to and request that." *Id.* at 32.[2] Counsel for Mr. Avila was given until the further preliminary hearing on November 17 to determine whether to move to withdraw the plea. *Id.* at 33. Neither Mr. Gonzalez nor his attorney, Mr. Thornton, was present at the hearing.

Mr. Gonzalez declared that Mr. Thornton did not contact him until December 2008, at which time Mr. Thornton told Mr. Gonzalez "to write the court to withdraw his plea, for [Mr. Thornton] was not his attorney since after plea/sentencing." Docket # 2 at 6. Mr. Gonzalez wrote to the court on March 4, 2009, and the superior court appointed Geoffrey Rawlings as his attorney on March 15, 2009. *See id.* Mr. Gonzalez (represented by Mr. Rawlings) filed a formal motion to withdraw the plea on July 17, 2009. *See* Docket # 14-5. The motion was denied on August 6, 2009. *See* Docket # 14-1 at 8.

---

[1] The court stated that deputy district attorney Celia Rowland intentionally had (a) failed to disclose that such an interview was being contemplated, (b) interviewed Ms. Crow during a preliminary hearing while at the same time discussing with defense counsel the idea of proceeding by way of a stipulation to use the preliminary hearing transcripts, and (c) not disclosed that she had interviewed Ms. Crow until shortly before the commencement of the trial. *See* Docket # 2 at 23-25, 30 (10/23/09 RT 2-4, 9).

[2] The court's full statement on the point was, as oral rulings sometimes are, somewhat less than eloquent: "The pleas of Nathanael Avila and Miguel Gonzalez may be set aside at this time if they choose to and request that, with the understanding that in either event should they be subsequently convicted of a crime, may they be convicted of any crime in excess of that that they've pled to nor may they suffer any penal sanction at any time in excess of that that's already been imposed. But both of their pleas were taken by Ms. Rowland or by the District Attorney's Office at a time when they were under the impression that Ms. Crow was testifying and that two people had gotten out of the car, when in fact the testimony subsequently during the undisclosed interview was contrary to that." *Id.* at 32-33 (errors in source).

On December 30, 2009, Mr. Gonzalez (represented by Mr. Rawlings) filed a petition for writ of habeas corpus in the Santa Cruz County Superior Court. The petition was denied on February 19, 2010.

Mr. Gonzalez presented evidence that he never received notice from Mr. Rawlings that the habeas petition had been denied by the Santa Cruz County Superior Court. After Mr. Rawlings filed the habeas petition on December 30, 2009, Mr. Gonzalez "never heard from him again." Docket # 15 at 8. Further, Mr. Gonzalez wrote to Mr. Rawlings "at least 10 times in a period of time starting January 30th, 2010, and ending April of 2012, asking about [Mr. Gonzalez's] habeas petition" but "Mr. Rawlings did not reply to any of [Mr. Gonzalez's] letters." *Id.* Mr. Gonzalez "did not learn that [his] petition had been denied on February 19th, 2010, until May of 2012." *Id.* Mr. Gonzalez states that, through the help of an attorney representing him in another matter, he obtained the files from Mr. Rawlings at the end of May 2012. *See* Docket # 14-1 at 8, 48, 50.

On July 25, 2012, Mr. Gonzalez filed a *pro se* habeas petition in the California Supreme Court. *See* Docket # 14-1 at 2. After obtaining further briefing from the parties, the California Supreme Court denied the petition on January 30, 2013. *See* Docket # 14-4 at 2.

Mr. Gonzalez then filed his federal petition for writ of habeas corpus. A proof of service attached to the petition states that Mr. Gonzalez mailed it to the court on February 20, 2013. The petition came in an envelope postmarked February 21, 2013, and was stamped "filed" at the Court on March 4, 2013. The petition is deemed to have been filed on February 20, 2013 under the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

### III. <u>DISCUSSION</u>

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral

3

review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on September 15, 2008, sixty days after Mr. Gonzalez was sentenced on July 15, 2008. *See* Cal. Rules of Court 8.304 and 8.308; *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) (unappealed California conviction became final 60 days after the superior court sentenced petitioner). The presumptive deadline for Mr. Gonzalez to file his federal petition was September 15, 2009. He missed that deadline by many months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "'[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that equitable tolling should apply to him. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

As is sometimes the case, a "confluence of numerous factors beyond the prisoner's control" resulted in extraordinary circumstances to support equitable tolling for Mr. Gonzalez. *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). The superior court concluded that a *Brady* violation had occurred and invited Mr. Gonzalez to move to withdraw his guilty plea, but Mr. Gonzalez did not learn of the invitation until months later. The superior court's determination that there had been a *Brady* violation – indeed one severe enough for the court to first vacate the trial date and then to take the highly unusual steps of re-opening the preliminary hearing for the remaining defendants and inviting the defendants who had already pled guilty to move to withdraw their pleas – distinguishes this case from the more commonplace situation where a petitioner merely alleges that a *Brady* violation has occurred that should support a delayed start of the limitations period or equitable tolling. *See, e.g., Ford v. Gonzalez*, 683 F.3d 1230, 1236 (9th Cir. 2012) (even if prosecutor had not disclosed evidence that a witness had received favorable treatment on her own criminal case in exchange for testimony against defendant, there was enough information available at the time of trial

that the factual predicate of the claims could have been discovered at the time of trial through the exercise of due diligence).

Mr. Gonzalez's circumstances were extraordinary in that: (a) the *Brady* violation occurred before he entered his plea, but was not revealed by the prosecution until several months after he entered his guilty plea, (b) the superior court actually found a *Brady* violation had occurred; (c) the superior court invited Mr. Gonzalez to move to withdraw his guilty plea; and (d) Mr. Gonzalez had no attorney at the time of the invitation and did not learn that he could move to withdraw his plea until December 2008. Mr. Gonzalez exercised reasonable diligence in sending a letter on March 4, 2009 to the superior court to request the withdrawal of his guilty plea. Under these highly unusual facts, Mr. Gonzalez is entitled to equitable tolling of the limitations period from the date his conviction became final through the date he sent his letter to the superior court requesting that his guilty plea be withdrawn.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The phrase "collateral review" in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review. *See Wall v. Kholi*, 131 S. Ct. 1278, 1280 (2011). Collateral review is not limited to habeas petitions and may include such other proceedings as a motion to reduce sentence, a petition for writ of error *coram nobis*, and a motion under 28 U.S.C. § 2255. *See Wall*, 1284-85. Respondent concedes that the motion to withdraw the plea tolled the limitations period. Respondent argues, however, that the only time that should be tolled is from July 17, 2009, when attorney Rawlings filed a formal motion to withdraw the plea, until the superior court denied the motion on August 6, 2009. However, Mr. Gonzalez had first filed a letter requesting to withdraw his plea on March 4, 2009, and that letter prompted the superior court to appoint Mr. Rawlings to represent Mr. Gonzalez. Respondent has not shown that for purposes of tolling a *pro se* letter requesting to withdraw the guilty plea stands on a lesser footing than a typed motion prepared by appointed counsel. Both are applications to the Court for collateral review of the judgment. This Court concludes that the proceedings to set aside the guilty

5

plea were pending from March 4, 2009 through August 6, 2009, and that Mr. Gonzalez receives statutory tolling for that entire time.

Mr. Gonzalez does not receive tolling for the 146 days between the denial of the motion to withdraw the guilty plea on August 6, 2009, and December 30, 2009, when Mr. Gonzalez (represented by Mr. Rawlings) filed a habeas petition in the Santa Cruz County Superior Court. By the time that first state habeas petition was filed, 146 days of the one-year limitations period had passed.

Mr. Gonzalez receives equitable tolling for a very lengthy period after the Superior Court denied that habeas petition on February 19, 2010. He states in his declaration that he did not learn of the denial of that petition until May 2012, despite his numerous letters to attorney Rawlings to learn about the outcome of that petition, which letters went unanswered. A prisoner's lack of knowledge that the state courts have reached a final resolution of his case can be grounds for equitable tolling if the prisoner acted diligently to obtain notice. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Even if attorney Rawlings had learned of the denial of the habeas petition when it occurred on February 19, 2010, that knowledge should not be imputed to Mr. Gonzalez as the client in light of Mr. Rawlings' reported abandonment of his client. It is true that mere negligence by an attorney does not amount to an extraordinary circumstance warranting equitable tolling of the limitations period. *See Holland*, 560 U.S. at 652 ("a 'garden variety claim' of attorney negligence" does not warrant equitable tolling of habeas statute of limitations period). Ordinarily, a petitioner is "bound by his attorney's negligence, because the attorney and the client have an agency relationship under which the principal is bound by the actions of the agent." *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012) (citing *Maples v. Thomas*, 132 S. Ct. 912, 922, 927 (2012) (using agency principles)). However, counsel's professional misconduct, including attorney abandonment, can "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Holland*, 560 U.S. at 651. According to Mr. Gonzalez's statement under penalty of perjury, attorney Rawlings filed the petition for writ of habeas corpus on December 30, 2009, and then stopped communicating with Mr. Gonzalez and failed to respond to Mr. Gonzalez's repeated letters to him.

*See* Docket # 2 at 6; Docket # 14-1 at 8, 23. Mr. Gonzalez has demonstrated that he acted with "reasonable diligence," *Holland*, 560 U.S. at 653, in that he wrote to his attorney some ten times over the next 27-28 months to try to learn the fate of his habeas petition. Mr. Rawlings effectively abandoned Mr. Gonzalez. Accordingly, equitable tolling of the limitations period is warranted for the time from counsel's filing of the state habeas petition on December 30, 2009 until Mr. Gonzalez finally learned in May 2012 that the state habeas petition.

As of about May 23, 2012 (when the lawyer sent the letter with the information) when Mr. Gonzalez first learned of the denial of his first state habeas petition, 146 days of the limitations period had passed. Mr. Gonzalez filed his second state habeas petition 63 days later, on July 25, 2012. The limitations period then was statutorily tolled until the denial of that second state habeas petition on January 30, 2013. Another 20 days of the one-year limitations period passed before he filed his federal petition on February 20, 2013. By the time he filed his federal petition, 219 days (*i.e.*, 146 + 63 + 20 days) of the one-year limitations period had passed. Giving him the statutory and equitable tolling to which he is entitled, Mr. Gonzalez's federal petition was timely filed.

Having determined that the federal petition was timely filed for the foregoing reasons, the court need not determine whether and how much equitable tolling would be appropriate for the alleged lockdowns, lack of law library access, and out-to-court trips to county jail from prison.

## IV. CONCLUSION

Respondent's motion to dismiss is **DENIED**. (Docket # 14.) The Court now sets the following briefing schedule for the petition for writ of habeas corpus:

1. Respondent must file and serve upon Petitioner, on or before **September 12, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

///
///
///
///
///

answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

        2. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **October 10, 2014**.

IT IS SO ORDERED.

Dated: July 24, 2014

_____
EDWARD M. CHEN
United States District Judge

8