UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. GONZALEZ (CDCR # G-29258),<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent.<br>_____/ | No. C-13-0964 EMC (pr)<br><br>**ORDER** |

        This action was filed more than eighteen months ago to challenge a conviction in Santa Cruz County Superior Court Case No. F16220 for assault committed while released on own recognizance. *See* Docket # 1 at 2. The Court has denied Respondent's motion to dismiss the petition as untimely, and set a deadline of November 14, 2014 for Respondent to file an answer to the petition.

        Petitioner recently has filed an "application in request to file writ of error coram nobis/or consolidate review with pending habeas corpus" in an effort to add to this action a challenge a separate conviction, i.e., Santa Cruz County Superior Court Case No. WF00200 for assault resulting in great bodily injury. Docket # 21. The convictions in Case No. C16220 and WF00200 were resolved in a "bundled" plea bargain that resolved five cases against Petitioner. Docket # 21 at 1. For the reasons discussed below, Petitioner must file a new habeas action to challenge the conviction in WF00200.

        The writ of error coram nobis is not an available remedy for petitioner. A federal district court may not entertain a petition for a writ of coram nobis to challenge a state conviction because that writ can only issue to aid the jurisdiction of the court in which the conviction occurred. *See*

*United States v. Monreal*, 301 F.3d 1127, 1130-31 (9th Cir. 2002) (writ of error coram nobis attacking Iowa sentence had to be sought in Iowa court); *Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955) (writ of error coram nobis can only issue to aid jurisdiction of court in which conviction was had). This court lacks authority to issue a writ of error coram nobis because Petitioner was not convicted in this court.

Petitioner also suggests that relief may be available under Federal Rule of Criminal Procedure 35 to correct his sentence. *See* Docket # 21 at 2. He is wrong. The Federal Rules of Criminal Procedure apply to persons being criminally prosecuted in federal court but do not apply to persons seeking relief from state court convictions. *See* Fed. R. Crim. P. 1(a)(1).

The exclusive remedy in federal court for a prisoner seeking to challenge the lawfulness of his conviction is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, the only way for Petitioner to challenge the conviction in Santa Cruz County Superior Court Case No. WF00200 in federal court is by way of a petition for writ of habeas corpus.

Although the only way for Petitioner to challenge the state court conviction is by way of a petition for writ of habeas corpus, he cannot have two habeas petitions considered in a single action. Petitioner cannot "consolidate" his new habeas petition with his existing habeas petition in a single action because the new petition would supersede the old petition. Each conviction must be challenged in a separate habeas action because each conviction presents distinct legal issues. Each petition challenging a conviction also often presents different procedural concerns, such as problems related to exhaustion of administrative remedies, timeliness, procedural default and custody. For example, Petitioner's new habeas petition likely has some timeliness concerns that are different from those for his petition filed eighteen months ago. If the Court finds it to be in the interests of justice, it can consolidate two habeas actions for consideration at the same time, but that does not mean that a petitioner can do it himself.

///
///
///
///

For the foregoing reasons, the "application in request to file writ of error coram nobis/or consolidate review with pending habeas corpus" is DENIED. Docket # 21. If Petitioner wants to challenge the conviction or sentence imposed in Santa Cruz County Superior Court Case No. WF00200, he must file a new action for writ of habeas corpus.

IT IS SO ORDERED.

Dated: October 6, 2014

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California